**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
v. ) Cr. ID No. 1403021039
)
SYLVESTER PETTYJOHN, )
Defendant. )

Date Submitted: February 6, 2016
Date Decided: March 1, 2016

***Upon Defendant's Motion for Postconviction Relief***
**DENIED**

Upon consideration of the Motion for Postconviction Relief filed by Sylvester Pettyjohn ("Defendant"); Rule 61 of the Superior Court Rules of Criminal Procedure; the facts, arguments and legal authorities set forth in the Rule 61 Motion; statutory and decisional law; and the entire record in this case, the Court finds as follows:

1.     On October 1, 2014, following a two day trial, a jury found Defendant guilty of Drug Dealing.  At trial, Defendant was represented by Ross Flockerzie, Esquire ("Trial Counsel").

2.     On October 10, 2014, the State filed a Motion to Declare Defendant an Habitual Offender, which the Court granted on March 27, 2015 at Defendant's sentencing.  Defendant was sentenced to four (4) years at Level V followed by six (6) months at Level IV.

3. In April 2015, Defendant filed a timely appeal with the Delaware Supreme Court, which affirmed this Court's decision on October 27, 2015, finding that Defendant's appeal was "wholly without merit and devoid of any arguably appealable issue."[1]

4. On January 25, 2016, Defendant filed a Motion for Postconviction Relief ("PCR Motion") as a self-represented litigant. In his PCR Motion, Defendant asserts ineffective assistance of counsel with respect to Trial Counsel's representation as follows: (1) failure to file a motion to suppress; (2) failure to file a motion to compel; (3) violating Defendant's Sixth Amendment constitutional rights by "agreeing with the State" that Defendant's "accuser" (the individual who purchased drugs from Defendant) did not need to testify at Defendant's trial.

5. Defendant is not entitled to appointed counsel for his PCR Motion. Rule 61(e)(1) provides that a judge must appoint counsel for an indigent movant's first timely PCR Motion if the motion seeks to set aside: (i) a conviction after a trial that has been affirmed by final order upon direct appellate review for a crime designated as a class A, B, or C felony; (ii) a conviction after a trial that has been affirmed by final order upon direct appellate review and resulted in the imposition of a sentence under 11 *Del. C.* § 4214(b); or (iii) a sentence of death.[2] Defendant's

[1] *Pettyjohn v. State*, 126 A.3d 1110 (Table) (Del. 2015).
[2] Super. Ct. Crim. R. 61(e)(1).

conviction was affirmed by final order upon appellate review; [3] however, Defendant's Drug Dealing conviction is for a Class D Felony under 16 *Del. C.* § 4754(1). Moreover, although Defendant was declared an habitual offender, he was not sentenced under 11 *Del. C.* § 4214(b), nor was he sentenced to life imprisonment or a sentence of death. Accordingly, Defendant is not entitled to counsel under Rule 61(e)(1).

6. Defendant is also not entitled to counsel under Rule 61(e)(3), which provides that a judge has discretion to appoint counsel if the judge determines:

> (i) the motion is an indigent movant's first timely postconviction motion and request for appointment of counsel; (ii) the motion seeks to set aside a judgment of conviction after a trial that has been affirmed by final order upon direct appellate review; (iii) the motion sets forth a substantial claim that the movant received ineffective assistance of trial or appellate counsel; (iv) the motion sets forth a substantial claim that the movant is in custody in violation of the United States Constitution or the Delaware Constitution; (v) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (vi) specific exceptional circumstances warrant the appointment of counsel. [4]

Defendant has not met requirement (i) because Defendant has not yet requested appointed counsel. Defendant also has not met requirements (iii) and (vi) for the reasons stated below.

---

[3] *See Pettyjohn*, 126 A.3d 1110.
[4] Super. Ct. Crim. R. 61(e)(3).

7. Defendant's claims that Trial Counsel was ineffective for failing to file a motion to suppress and a motion to compel are conclusory and without merit. First, Defendant fails to specify what evidence Trial Counsel should have moved to suppress and compel. Second, the strategic decision to file a motion to suppress or a motion to compel is not the type of decision that is within the client's ultimate authority;[5] therefore, Trial Counsel was not required to file these motions merely because Defendant requested that Trial Counsel do so.[6] Third, the record does not reflect that it was unreasonable for Trial Counsel to refrain from filing either a motion to suppress or a motion to compel and Defendant fails to allege any prejudice he suffered as a result to establish ineffective assistance of counsel under *Strickland*.[7]

---

[5] *See e.g.*, *Taylor v. State*, 28 A.3d 399, 406 (Del. 2011) (internal citations omitted) ("A criminal defendant has 'ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal.' . . . [because] these choices 'implicate inherently personal rights which would call into question the fundamental fairness of the trial if made by anyone other than the defendant.'").

[6] *See id.* at 405-06 (internal citations omitted) ("When an attorney represents a defendant, the authority to manage the day-to-day conduct of the trial generally rests with the attorney. An attorney who represents a criminal defendant has an 'overarching duty to advocate the defendant's cause and more particular duties to consult with the defendant on important decisions.' To be sure, the attorney's duty to consult with the defendant regarding 'important decisions'—including questions of overarching defense strategy—does not require counsel to obtain the defendant's consent to 'every tactical decision.'").

[7] The standard used to evaluate claims of ineffective counsel is the two-prong test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), as adopted in Delaware, *see Albury v. State*, 551 A.2d 53 (Del. 1988). The movant must show that (1) trial counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for trial counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687. Failure to prove either prong will render an ineffective assistance of counsel claim insufficient. *Id.* at 688; *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996). Moreover, the Court shall dismiss entirely conclusory allegations of

8. Defendant's Sixth Amendment claim is also without merit. Particularly, the officers at Defendant's trial testified to their observations of a hand-to-hand drug transaction involving Defendant. Accordingly, although the purchaser of the drugs did not testify at Defendant's trial, there was no right to confrontation violation when the officers testified to their own observations and the State did not seek to admit any statements made by the purchaser.[8]

9. Moreover, to the extent that Defendant claims that Trial Counsel was ineffective for "agreeing with the State" that the purchaser did not need to testify, Defendant has failed to establish that Trial Counsel had such an agreement with the State and that even if Trial Counsel did, that Trial Counsel's performance was unreasonable or that Defendant suffered prejudice as a result.

10. Accordingly, Defendant is not entitled to relief under his PCR Motion because Defendant has failed to establish that Trial Counsel's performance fell below an objective standard of reasonableness or that Defendant suffered any prejudice as a result.

---

ineffective counsel. *Younger v. State*, 580 A.2d 552, 555 (Del. 1990); *Jordan v. State*, 1994 WL 466142, at *1 (Del. Aug. 25, 1994).

[8] *See Archy v. State*, 976 A.2d 170 (Del. 2009) (citing *Crawford v. Washington*, 541 U.S. 36, 36, (2004) (providing that the "Confrontation Clause bars 'admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination.'").

**NOW, THEREFORE, this 1st day of March, 2016, Defendant Sylvester Pettyjohn's Motion for Postconviction Relief is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**